UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CLINT A. LORANCE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Civil Action No. 22-2500 (CKK) |
| DEPARTMENT OF THE ARMY, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM IN SUPPORT OF
THE ARMY'S PARTIAL MOTION TO DISMISS**

Defendant, Department of the Army (the "Army"), by and through undersigned counsel, respectfully submits this memorandum in support of its motion to partially dismiss Plaintiff, Clint Lorance's, complaint because Plaintiff failed to exhaust his administrative remedies regarding his request made to the Army under the Freedom of Information Act ("FOIA"). On February 15, 2022, the Army provided a letter to Plaintiff and his attorneys by their requested method of choice, email, which included instructions regarding administrative remedies as well as responsive documents to part (2) and (3) of Plaintiff's November 12, 2020, FOIA request. Plaintiff failed to exhaust his administrative remedies before bringing this lawsuit therefore his complaint should be dismissed in part. Fed. R. Civ. P. 12(b)(6).

**PROCEDURAL BACKGROUND**

In a FOIA request dated November 12, 2020, Plaintiff, through his counsel, submitted a FOIA and Privacy Act records request to Defendants, seeking the following:

> (1) Any and all documents, briefing papers, graphics, emails, memoranda, charts, storyboards, notes, after action reviews, or any document in any way relating to former Secretary of Defense Mark T. Esper's and U.S. Army Secretary Ryan McCarthy's November 2019, presentation(s) to the President of the United States and his staff at the White House.

> (2) Any and all transcripts or notes or memoranda of the President of the United States' phone call to Inmate Clint A. Lorance at the United States Disciplinary Barracks on Fort Leavenworth, Kansas on November 15, 2019.
>
> (3) Any and all documents, orders, warrants, letters, memoranda in any way relating to the President's having issued a pardon on November 15, 2019, and Lorance's release from the USDB on that same date.

ECF No. 2 (Compl. Ex. 6). Plaintiff requested responsive records in an electronic format and provided the following email addresses: john@maherlegalservices.com, kevin@maherlegalservices.com, and clint.lorance.2.0@gmail.com. ECF No. 2 (Compl. Ex. 6).

On April 5, 2021, the Army, through its Office of Administrative Assistant to the Secretary of the Army, sent Plaintiff an acknowledgement letter and assigned Plaintiff's request, FOIA case numbers FA-21-0721 and FP-21-006773. ECF No. 2 (Compl. Ex. 8). The Army notified Plaintiff that his FOIA requests were referred to the Office of Administrative Assistant to the Secretary of the Army and the Office of the Provost Marshal General for processing. ECF No. 2 (Compl. Ex. 8).[2]

On February 15, 2022, at 4:02 PM, the Army emailed Plaintiff and his counsel at the email addresses provided in his FOIA requests (Ex. 1 Kester Decl. ¶ 5; Ex. 4 Email). In the email, the Army provided a letter dated February 14, 2022, and eleven pages of responsive redacted documents from the Army Corrections Command (Ex. 1 Kester Decl. ¶ 5; Ex. 4 Email). These records were responsive to part (2) and (3) of Plaintiff's FOIA request (Ex. 1 Kester Decl. ¶¶ 3,4). The letter provided points of contact for the Army's FOIA Public Liaison Officer, the Office of Government Information Services at the National Archives and Records Administration

---

[2] On November 13, 2020, Defendant the Department of Defense, through its Freedom of Information Division, sent Plaintiff an acknowledgement letter and assigned Plaintiff's request, FOIA case number 21-F-0182. ECF No. 2 (Compl. Ex. 7). This Motion only pertains to the Army not the separate request to the Defense Department.

("National Archives") to inquire about the FOIA mediation services they offer, and appeal information. (Ex. 1 Kester Decl. ¶ 4; Ex. 4 Email; Ex. 3 Letter). The letter stated that "you may appeal this determination, within 90 days of the date of this letter, through this office to the Secretary of the Army, ATTN: Office of the General Counsel, Room 3C546, 104 Army Pentagon, Washington, D.C. 20310-0104." (Ex. 1 Kester Decl. ¶ 4; Ex. 4 Email; Ex. 3 Letter).

The Secretary of the Army, Office of General Counsel has not received an appeal from Plaintiff or his counsel for the November 12, 2020, FOIA request and responsive documents. (Ex. 2 Johnson Decl. ¶ 3). After searching the database, the office located an unrelated administrative appeal decision dated August 24, 2021, from Plaintiff's attorney, Mr. Maher. (Ex. 2 Johnson Decl. ¶ 4). That FOIA appeal concerned a previous FOIA request filed by Plaintiff's counsel requesting records from the Office of the Judge Advocate General. (Ex. 2 Johnson Decl. ¶ 4).

On September 6, 2022, Plaintiff filed an amended complaint.[3] ECF No. 7-1 (Am. Compl). Plaintiff sought the same records described in his November 12, 2020, FOIA request. *Id.* Plaintiff stated in his Complaint that "as of the date of this filing, nearly twenty-one months after . . . fil[ing] his initial administrative requests with the respective departments of the Federal government, neither Defendant has provided a substantive response to his FOIA requests." *Id.* In his amended complaint, Plaintiff failed to reference Mr. Kester's February 15, 2022, email and letter dated February 14, 2022, detailing administrative remedies, and attaching eleven pages of responsive documents sent to him and his counsel. *Id.*

---

[3]    Plaintiff filed his original Complaint on August 20, 2022. The Court notified Plaintiff of errors on August 25, 2022. The Court ordered the Plaintiff to show cause why the case should not be dismissed given Plaintiff's failure to remedy the errors identified by the Clerk's Office. On September 6, 2022, Plaintiff filed errata and refiled his Complaint.

**ARGUMENT**

Before seeking review in a FOIA case, a plaintiff must first exhaust his administrative remedies. *Wilber v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004). Here, Plaintiff has failed to exhaust his administrative remedies before filing suit. If a FOIA plaintiff attempts to obtain judicial review without first properly exhausting administrative remedies, the lawsuit is subject to dismissal. *Id.* (citing *Oglesby*, 920 F.2d at 61-64, 65 n.9) (explaining that "a requester under the FOIA must file an administrative appeal within the time limit specified in an agency's FOIA regulations or face dismissal of any lawsuit complaining about the agency's response").

Further, exhaustion under FOIA requires compliance with agency regulations. That is, "[a] party requesting agency records under the FOIA must comply with the procedures set forth in the regulations promulgated by that agency." *Calhoun v. Dep't of Just.*, 693 F. Supp. 2d 89, 91 (D.C. Cir. 2010); *see also* 5 U.S.C. § 552(a)(3) (providing that an agency must make records promptly available upon any request "made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed"). Where a request does not comply with published regulations, the FOIA claim is subject to dismissal for failure to exhaust administrative remedies. *Calhoun*, 693 F. Supp. 2d at 91; *see also Matsey v. Dep't of Just.*, Civ. A. No. 03-0889 (PLF), 2005 WL 1017867, at *7 (D.D.C. May 2, 2005) ("By failing to follow the procedures set forth [in the pertinent regulations for requesting agency records, the plaintiff] failed to exhaust his administrative remedies under the FOIA.").

While it is settled in this Circuit that the exhaustion requirement is a condition precedent to the bringing of a FOIA action, because "exhaustion of administrative remedies in a FOIA case is not a jurisdictional bar to judicial review[.]" *Jones v. Dep't of Just.*, 576 F. Supp. 2d 64, 66 (D.C. Cir. 2008) (citing *Hidalgo*, 344 F.3d at 1258). When a FOIA defendant disputes that a FOIA plaintiff has fulfilled the exhaustion requirements, "the matter is properly the subject of a

motion brought under Rule 12(b)(6) for failure to state a claim upon which relief may be granted." *Id*. Further, judicial review prior to agency exhaustion would "undercut the purposes of exhaustion, namely, preventing premature interference with agency processes, . . . afford[ing] the parties and the courts the benefit of [the agency's] experience and expertise, . . . [or] compil[ing] a record which is adequate for judicial review." *Hidalgo*, 344 F.3d at 1259 (alteration in original) (internal quotation marks omitted) (citing *Ryan v. Bentsen,* 12 F.3d 245, 247 (D.C. Cir. 1993)).

The Army Corrections Command provided responsive documents and a letter to Plaintiff detailing points of contact for the Army FOIA Public Liaison Officer, the Office of Government Information Services at the National Archives to inquire about the FOIA mediation services they offer, and appeal information. (Ex. 1 Kester Decl. ¶ 4; Ex. 4 Email). The letter stated, "you may appeal this determination, within 90 days of the date of this letter, through this office to the Secretary of the Army, ATTN: Office of the General Counsel, Room 3C546, 104 Army Pentagon, Washington, D.C. 20310-0104." (Ex. 1 Kester Decl. ¶ 4; Ex. 4 Email). Army's Office of General Counsel FOIA request database makes clear that no administrative appeal was filed by the Plaintiff with respect to this November 12, 2020, FOIA request. (Johnson Decl. ¶ 3).

Plaintiff recognizes he must exhaust all administrative remedies before filing suit and asserted the following in his complaint at paragraph 14, "Plaintiff has exhausted all administrative remedies available to him under FOIA, and has therefore satisfied all jurisdictional prerequisites to filing this Complaint. *See* 5 U.S.C. § 552(a)(6)(A)(i)-(ii); *McNeil v. United States*, 508 U.S. 106 (1993) (reiterating Plaintiff's duty to exhaust all administrative remedies before Article III jurisdiction attaches)." ECF No. 7 Am. Compl ¶ 14.  Plaintiff has failed in his duty to exhaust all administrative remedies before filing suit against the Army.  Additionally, Plaintiff and his counsel are familiar with the Army's appeal process.  According to the Army's Office of General Counsel

database, Plaintiff previously filed a FOIA administrative appeal with the Army's Office of General Counsel with regards to an entirely unrelated and independent FOIA request directed to the Office of the Judge Advocate General. Johnson Decl. ¶ 4.

Because Plaintiff failed to exhaust his administrative remedies with respect to part (2) and (3) of his November 12, 2020, FOIA request, his complaint against the Army should be dismissed.

## CONCLUSION

Here, Plaintiff failed to exhaust his administrative remedies with regards to part (2) and (3) of his FOIA request as pertains to the Army; therefore, his complaint should be dismissed in part.

Dated: December 19, 2022
Washington, DC

Respectfully submitted,

Matthew M. Graves, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

Elizabeth W. Boggs, MI Bar # 70215
United States Army Litigation Attorney
9275 Gunston Road
Fort Belvoir, Virginia 22060-5546
(571) 234-3844
elizabeth.w.boggs.mil@army.mil

*Of Counsel for Defendant*

By:      */s/ John Haberland*
John B. Haberland, CT Bar # 426298
Special Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2574
john.haberland@usdoj.gov

*Attorneys for Defendant*