UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CLINT A. LORANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-2500 (CKK) |
| | ) | |
| DEPARTMENT OF THE ARMY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPLY IN SUPPORT OF THE ARMY'S PARTIAL MOTION TO DISMISS

Defendant, Department of the Army (the "Army"), by and through counsel, respectfully submits this reply in further support of the Army's motion for partial dismissal (ECF No. 13, "Motion"). As demonstrated in the Army's Opening Brief (ECF No. 13-1),[1] the Court should dismiss that part of Plaintiff's amended complaint (ECF No. 7-1) that asserts claims arising from parts (2) and (3) of the November 12, 2020, Freedom of Information Act ("FOIA") request ("November Request"), the request at issue in this matter, as they pertain to the Army. Nothing in Plaintiff's opposition[2] compels a different result.

---

[1]    The Army inadvertently omitted the exhibits to its Motion when it originally filed it with the Court. This same date the Army is lodging those exhibits with the Court under a separate notice.

[2]    Plaintiff's opposition spills over three entries on the Court's docket, ECF Nos. 15, 16, 17. Docket entry no. 15 is a "motion to deny the Army's motion," which is superfluous as it asks simply that the Army's Motion be denied (which is the purpose of an opposition). *See generally* Fed. R. Civ. P. 7(b); *Atchison v. U.S. Dist. Cts.*, 190 F. Supp. 3d 78, 86 (D.D.C. 2016) (pro se plaintiff "responded with filings styled as motions to deny the motions to dismiss, which the Court, construing pro se filings liberally, will treat as oppositions to the motions"). Docket entry no. 17 merely contains exhibits to Plaintiff's opposition. Plaintiff's true opposition is found at docket entry no. 16, which the Army herein cites as the "Opposition" herein with pin-cites to the pagination assigned by the Court's CM/ECF system.

**PLAINTIFF'S IS INCORRECT IN CONTENDING THAT THE FEBRUARY RELEASE
DID NOT PERTAIN TO THE NOVEMBER REQUEST AT ISSUE IN THIS CASE.**

Plaintiff contends that the February 2022 release did not concern parts (2) and (3) of the

November Request, and thus, he had no obligation to pursue an administrative appeal of the

February 2022 release before suing under FOIA on his November Request.  Opp'n at 5, 7-9.

Plaintiff is wrong.  At its core, Plaintiff fails to recognize that parts (2) and (3) of the November

Request—the focus of the Army's Motion—are exact duplicates of parts (1) and (2) of Plaintiff's

prior June 20, 2020, FOIA request (the "June Request").  *Compare* ECF No. 2-6 (November

Request) *with* ECF No. 17 at 3 (June Request).  Parts (2) and (3) of the November Request sought:

> (2) Any and all transcripts or notes or memoranda of the President of the United
> States' phone call to Inmate Clint A. Lorance at the United States Disciplinary
> Barracks on Fort Leavenworth, Kansas on November 15, 2019.

> (3) Any and all documents, orders, warrants, letters, memoranda in any way relating
> to the President's [sic] having issued a pardon on November 15, 2019, and
> Lorance's release from the USDB the same date.

ECF No. 2-6 (Nov. Request).  Parts (1) and (2) of the June Request sought:

> (1) Any and all transcripts or notes or memoranda of the President of the United
> States' phone call to Inmate Clint A. Lorance at the United States Disciplinary
> Barracks on Fort Leavenworth, Kansas on November 15, 2019.

> (2) Any and all documents, orders, warrants, letters, memoranda in any way relating
> to the President's [sic] having issued a pardon on November 15, 2019, and
> Lorance's release from the USDB the same date.

ECF No. 17 at 3 (June Request).

On April 5, 2021, the Army notified Plaintiff that both his requests were assigned for a

response and that the requests were sent to the Office of Administrative Assistant to the Secretary

of the Army and the Office of the Provost Marshal General.  ECF No. 2-8 (Letter of Apr. 5, 2021).

In the April 2021 letter, the Army expressly referenced the November Request, which is again the

lone request at issue in this suit.  *Id.* ("This letter is in response to your Freedom of Information Act/Privacy Act request dated November 12, 2020.").

On February 14, 2022, the Army provided responsive documents to specified parts of the requests referenced in the April 2021 letter, namely: "any and all transcripts or notes or memoranda of the President of the United States' phone call to Inmate Clint A. Lorance at the United States Disciplinary on November 15, 2019" and "[a]ny and all documents, orders, warrants, letters, memoranda in any way relating to the President's [sic] having issued a pardon on November 15, 2019, and Lorance's release from the USDB the same date."  ECF No. 17 at 4-5.  It also informed Plaintiff of the availability of an administrative appeal to challenge the Army's response.  Plaintiff never filed an administrative appeal

Based on this record, Plaintiff's contention that the February 2022 release did not pertain to the FOIA request at issue in this case is simply incorrect.  As demonstrated in the Army's Motion, because the Army responded to parts (2) and (3) of the November Request before Plaintiff filed this suit, Plaintiff was obliged to pursue an administrative appeal if he wished to challenge that response.  *See, e.g., Schwaner v. Dep't of Army*, 696 F. Supp. 2d 77, 80 (D.D.C. 2010) ("If a requester actually receives an agency's untimely response before filing suit under § 552(a)(6)(A)(i), he must utilize the administrative appeals process—which includes, as a final step, the right to sue in federal court—to resolve any FOIA disputes.").  He did not, and thus, he failed to exhaust administrative remedies.  *See* Open. Br. at 4-6.

## PLAINTIFF'S OTHER ARGUMENTS ARE MERITLESS

In his Opposition, Plaintiff offers other meager arguments, attempting to create distinctions between his two requests to deny the Army's motion.  *First*, Plaintiff purports to block quote from

the November Request,[3] arguing that it differs from the June Request.  Opp'n at 10-11.  But the Army does not contend that the requests were fully overlapping, just that the identical two parts of the two requests overlap and were decided by the February 2022 release.

*Second*, Plaintiff argues the November Request was made under both FOIA and the Privacy Act and the June Request was brought only under FOIA.  Opp'n at 11-12.  While true, that distinction is irrelevant.  Plaintiff's Complaint only asserts FOIA claims.  ECF No. 2 (Compl.) at 1 (Plaintiff "brings this civil action against the Department of the Army to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ('FOIA').");  *id.* at 4 ("The Count: Violation of FOIA").  As such, that the November Request also mentioned the Privacy Act has no bearing on this FOIA suit.

*Third, and lastly*, Plaintiff cites a "No Records Certificate" pertaining to the November Request and argues that Certificate dated September 9, 2022, proves the February 2022 release did not pertain to the November Request.  Opp'n at 12.  Again, Plaintiff is wrong.  The September 2002 Certificate discusses searches for records responsive to part (1) of the November Request, the part that requests "documents, briefing papers, graphics, emails, memoranda, charts, storyboards, notes, [and] after action reviews" pertaining to a November 2019 presentation.  *Compare* ECF No. 17 at 17 (Sept. 2022 Certificate), *with* ECF No. 2-6 (Nov. Request).  The Army's Motion, however, does not concern part (1) of the November Request, and the Army has never contended that the February 2022 release addressed that part of the November Request or that part (1) of that request is not properly before the Court.  As such, once again Plaintiff's

---

[3]   In quoting the November Request in his Opposition, Plaintiff alters the text of the quoted document.  In the Opposition, Lorance's quote indicates that the November Request had parts numbered (4), (5), and (6).  Opp'n at 10-11.  Not so.  The parts of the November Request are labeled (1), (2), and (3).  *Compare id., with* ECF No. 2-6 (Nov. Request).

argument falls flat and does nothing to rescue his claim against the Army based on parts (2) and (3) of the November Request.

## CONCLUSION

Because the Plaintiff failed to exhaust his administrative remedies with regards to parts (2) and (3) of the November Request as pertains to the Army, the Court should dismiss the claims against the Army based on those parts.

Dated: January 13, 2023
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

Zachary S. Hill, FL Bar # 1028507
United States Army Litigation Attorney
9275 Gunston Road
Fort Belvoir, Virginia 22060-5546
(703) 693-1092
zachary.s.hill5.mil@army.mil

*Of Counsel for Defendant*

By:      */s/ John Haberland*
    John B. Haberland, CT Bar # 426298
    Special Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2574
    john.haberland@usdoj.gov

*Attorneys for the United States of America*