## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CLINT A. LORANCE,

      Plaintiff,

    v.

DEPARTMENT OF THE ARMY,

      Defendant.

Civil Action No. 22-2500 (CKK)

## MEMORANDUM OPINION & ORDER
(May 28, 2024)

Plaintiff Clint A. Lorance submitted simultaneous Freedom of Information Act ("FOIA") requests to two federal agencies, seeking, among other things, records related to his release from the United States Disciplinary Barracks in November 2019. Plaintiff filed suit against the U.S. Department of Defense ("DOD") and the U.S. Department of the Army ("the Army"), alleging both agencies violated FOIA. *See* Am. Compl., ECF No. 7-1, ¶¶ 13–18. Pending before the Court is Defendant the Army's [13] Partial Motion to Dismiss ("Motion" or "Mot."), requesting that the Court dismiss two parts of Plaintiff's FOIA claim against the agency. Plaintiff opposes this partial dismissal. *See* Pl.'s Opp'n, ECF No. 16. Because Plaintiff failed to exhaust his administrative remedies for two aspects of his FOIA request prior to filing suit, and upon review of the pleadings,[1]

---

[1] The Court's consideration has focused on the following documents:

- Plaintiff's Amended Complaint ("Am. Compl."), ECF No. 7-1;
- Defendant the Army's Memorandum in Support of Partial Motion to Dismiss ("Def.'s Mem."), ECF No. 13-1;
- Plaintiff's Memorandum in Opposition to Defendant the Army's Partial Motion to Dismiss ("Pl.'s Opp'n"), ECF No. 16;
- Plaintiff's Exhibits in Support of Opposition ("Pl.'s Ex."), ECF No. 17; and
- Defendant the Army's Reply in Support of Partial Motion to Dismiss ("Def.'s Reply"), ECF No. 18.

the relevant legal authorities, and the record as a whole, the Court shall **GRANT** Defendant the

Army's [13] Partial Motion to Dismiss.

## I.    BACKGROUND

On November 12, 2020, Plaintiff, through counsel, submitted two simultaneous FOIA and

Privacy Act requests ("November 2020 Request") to Defendants DOD and the Army, seeking the

same records from each agency.  *See* Nov. 2020 Req., ECF No. 2-6, at 1–2.  Specifically, Plaintiff

sought three categories of records:

> (1) Any and all documents, briefing papers, graphics, emails, memoranda, charts,
> storyboards, notes, after action reviews or any document in any way relating to
> former Secretary of Defense Mark T. Esper's and U.S. Army Secretary Ryan
> McCarthy's November 2019, presentation(s) to the President of the United
> States and his staff at the White House.
> (2) Any and all transcripts or notes or memoranda of the President of the United
> States' phone call to Inmate Clint A. Lorance at the United States Disciplinary
> Barracks on Fort Leavenworth, Kansas on November 15, 2019.
> (3) Any and all documents, orders, warrants, letters, memoranda in any way
> relating to the President's having issued a pardon on November 15, 2019 and
> Lorance's release from the USDB the same date.

*Id.* (quotation cleaned up).  According to Plaintiff, the above records "are material and relevant to

an ongoing civil habeas action."  Am. Compl. ¶ 6.  On April 5, 2021, the Army sent Plaintiff a

letter (the "April 2021 Response"), providing Plaintiff with a FOIA case number and referring

Plaintiff's FOIA request to the Office of the Administrative Assistant to the Secretary of the Army

and the Office of the Provost Marshal General.  *See* Apr. 2021 Resp., ECF No. 2-8, at 1–2.

On February 14, 2022, the Army sent Plaintiff a response (the "February 2020 Response")

to parts (2) and (3) of Plaintiff's November 2020 Request.  *See* Feb. 2022 Resp, ECF No. 17, at

4–5.  The Army provided eleven (11) pages of responsive records, with redactions applied.  *See*

Pl.'s Ex., ECF No. 17, at 6–16.  Then, on September 9, 2022, the Army provided a "No Records

Certificate" letter to Plaintiff, informing Plaintiff that "there are no records maintained by the

Office of the Secretary of the Army" pertaining to part (1) of Plaintiff's November 2020 Request.

*See* Sept. 2022 Resp., ECF No. 17, at 17.

In addition to his November 2020 Request, Plaintiff submitted a separate FOIA request on

June 24, 2020 ("June 2020 Request") to the Army Corrections Command. *See* June 2020 Req.,

ECF No. 17, at 3. Therein, Plaintiff sought three categories of records:

(1) Any and all transcripts or notes or memoranda of the President of the United States' phone call to Inmate Clint A. Lorance at the United States Disciplinary Barracks on Fort Leavenworth, Kansas on November 15, 2019.
(2) Any and all documents, orders, warrants, letters, memoranda in any way relating to the President's having issued a pardon on November 15, 2019, and Lorance's release from the USDB the same date.
(3) A complete copy of any and all files the USDB and/or the Army Corrections Command maintains concerning [Plaintiff's] time in confinement at the USDB between August 1, 2013 and November 15, 2019.

*Id.*

Plaintiff initiated this lawsuit on August 20, 2022 against Defendants DOD and the Army.

*See generally* Compl., ECF No. 1. On September 6, 2022, Plaintiff filed an Amended Complaint,

"clarify[ing] the addresses of the parties." Notice of Errata, ECF No. 7. The Army subsequently

filed the pending Motion, seeking partial dismissal of parts (2) and (3) of Plaintiff's November

2020 Request.[2] *See generally* Mot. Plaintiff opposes partial dismissal, filing an opposition to the

Army's Motion and various exhibits. *See* ECF No. 16 (memorandum in opposition); ECF No. 17

(exhibits). With the Motion fully briefed, the Court turns to its resolution.

## II.   LEGAL STANDARD

The Army moves for partial dismissal of Plaintiff's FOIA claim against it under Federal

Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), arguing that Plaintiff has failed to exhaust his

administrative remedies prior to filing suit. *See generally* Def.'s Mem. Ordinarily, FOIA

---

[2] Defendant DOD filed an answer on December 19, 2022. *See* ECF No. 14.

exhaustion arguments are analyzed under Rule 12(b)(6). *See, e.g., Hidalgo v. F.B.I.*, 344 F.3d 1256, 1260 (D.C. Cir. 2003); *Jean-Pierre v. Fed. Bureau of Prisons*, 880 F. Supp. 2d 95, 100 n.4 (D.D.C. 2012) (ESH). However, Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) [] matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see also Colbert v. Potter*, 471 F.3d 158, 164 (D.C. Cir. 2006) (same). Here, both parties rely on evidence outside the pleadings to support their respective positions. *See* Pl.'s Ex.; Def.'s Notice of Filing Exhibits with Reply, ECF No. 19. Accordingly, the Court shall evaluate the Army's Motion as a motion for summary judgment.[3] *Calhoun v. Dep't of Just.*, 693 F. Supp. 2d 89, 90–91 (D.D.C. 2010) (RBW).

### A. Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one capable of affecting the substantive outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is enough evidence for a reasonable jury to return a verdict for the nonmovant. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

---

[3] The appropriate standard for the Court to apply may be Rule 12(b)(6). *See Hidalgo v. F.B.I.*, 344 F.3d 1256, 1260 (D.C. Cir. 2003) (vacating grant of summary judgment and remanding case "with instructions to the district court to dismiss the complaint under [Rule] 12(b)(6) [] for failure to exhaust administrative remedies"); *Acosta v. F.B.I.*, 946 F. Supp. 2d 47, 49–50 (D.D.C. 2013) (JEB) (noting the D.C. Circuit "has directed that the Court address [] exhaustion arguments under [Rule] 12(b)(6)"). Yet, district courts in this jurisdiction consistently have evaluated such motions under the summary judgment standard when, as here, the parties refer to materials outside the pleadings. *See, e.g., Pinson v. U.S. Dep't of Just.*, 69 F. Supp. 3d 125, 129–30 (D.D.C. 2014) (RC); *Calhoun v. Dep't of Just.*, 693 F. Supp. 2d 89, 90–91 (D.D.C. 2010) (RBW). Although it is not clear to the Court which is the appropriate standard—motion for summary judgment or motion to dismiss—the Court notes that the resolution of the Motion would be same under either standard. Moreover, as it was Plaintiff who initially filed additional materials for the Court's consideration of the pending Motion, *see* Pl.'s Ex, ECF No. 17, the Court shall proceed with a motion for summary judgment analysis.

The movant bears the initial burden of identifying portions of the record that demonstrate the absence of any genuine issue of material fact. Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The nonmovant must then point to specific facts in the record that reveal a genuine issue that is suitable for trial. *Celotex*, 477 U.S. at 324. In considering a motion for summary judgment, the Court must avoid "making credibility determinations," *Czekalski v. Peter*, 475 F.3d 360, 363 (D.C. Cir. 2007), and must analyze all underlying facts and inferences in the light most favorable to the nonmovant, *Anderson*, 477 U.S. at 255. However, conclusory assertions offered without any factual basis in the record cannot create a genuine dispute. *See Ass'n of Flight Attendants-CWA v. U.S. Dep't of Transp.*, 564 F.3d 462, 465–66 (D.C. Cir. 2009).

### III.    DISCUSSION

The Army argues that partial dismissal is appropriate because Plaintiff failed to exhaust his administrative remedies for parts (2) and (3) of his November 2020 Request. Def.'s Mem. at 6. The Court addresses this argument below.

#### A.  Exhaustion of Administrative Remedies

Under FOIA, "[e]haustion of administrative remedies is generally required before seeking judicial review 'so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.'" *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)). In this context, the doctrine is "jurisprudential," not "jurisdictional." *Hidalgo*, 344 F.3d at 1258. Generally, a plaintiff's "failure to exhaust precludes judicial review if 'the purposes of exhaustion' and the 'particular administrative scheme' support such a bar." *Id.* at 1258–59 (quoting *Oglesby*, 920 F.2d at 61). The D.C. Circuit has repeatedly affirmed its belief that "FOIA's administrative scheme favors failure to exhaust as a bar to judicial review." *Id.* at 1259; *see Oglesby*, 920 F.2d

5

at 61–62 ("Courts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts.").  A FOIA requestor's failure to comply with the exhaustion requirement may result in the dismissal of the FOIA claim.  *See Wilbur*, 355 F.3d at 676 (describing the exhaustion requirement as a "mandatory prerequisite to a lawsuit under FOIA").

In this case, Plaintiff does not contest that the failure to exhaust administrative remedies would require partial dismissal of his FOIA claim against the Army.  *See* Pl.'s Opp'n at 7 (acknowledging that the exhaustion requirement is a "widely accepted point of FOIA case law"); *see also* Am. Compl. ¶ 14 (stating he "exhausted all administrative remedies available to him under FOIA and has therefore satisfied all jurisdictional prerequisites to filing this Complaint"). Plaintiff also does not dispute that he did not appeal the Army's February 2022 Response, in which the Army released responsive records to him.  *See* Pl.'s Opp'n at 8 (arguing his failure to appeal the response does not preclude judicial review); Pl.'s Ex., ECF No. 17, at 4–5 (copy of February 2022 Response); *id.* at 6–16 (copy of responsive records).  Instead, Plaintiff primarily argues that the Army's February 2022 Response was a response to his June 2020 Request, and not his November 20220 Request.  Pl.'s Opp'n at 7–8.  A review of the exhibits submitted by the parties reveals that Plaintiff is mistaken in this regard.

The Army's February 2022 Response explicitly states that the response "pertain[ed] to [Plaintiff's] [FOIA] request dated April 5, 2021 for documents including": (a) "any and all transcripts, notes, or memoranda of the President of the United States' phone call to Inmate Clint A. Lorance at the United States Disciplinary Barracks, on November 15, 2019"; and (b) "[a]ny and all documents, orders warrants, letters, memoranda in any way relating to the President's having issued a pardon on November 15, 2019, and Lorance's release from the USDB the same

date." Feb. 2022 Resp., ECF No. 19-3, at 1. This language is almost identical to the language contained in parts (2) and (3) of Plaintiff's November 2020 Request. *Compare* Nov. 2020 Req., ECF No. 2-6, at 1–2 *with* Feb. 2022 Resp., ECF No. 19-3, at 1. In addition, the Army's February 2022 Response references Plaintiff's FOIA request "dated April 5, 2021," which is the exact date that Plaintiff's November 2020 Request was referred to the Office of the Administrative Assistant to the Secretary of the Army and the Office of the Provost Marshal General. *See* Feb. 2022 Resp., ECF No. 19-3, at 1; Apr. 2021 Resp., ECF No. 2-8, at 1–2. Lastly, the Army's February 2022 Response indicated that the redactions applied to the responsive records were "made on behalf of Major General Duane R. Miller, U.S. Army Provost Marshal General," which corresponds with the Army's April 2021 Response, referring Plaintiff's November 2020 Request to the Office of the Provost Marshal General. *See* Feb. 2022 Resp., ECF No. 19-3, at 1; Apr. 2021 Resp., ECF No. 2-8, at 2.[4]

As the Army did provide responsive records to Plaintiff with respect to parts (2) and (3) of his November 2020 Request, the question now turns on whether Plaintiff appealed the Army's determination. "A FOIA requestor bears the burden of producing evidence of a proper appeal." *Lakin v. U.S. Dep't of Just.*, 917 F. Supp. 3d 142, 144–45 (D.D.C. 2013) (EGS). Here, Plaintiff concedes that he did not appeal the Army's determinations for parts (2) and (3) of his November 2020 Request. Pl.'s Opp'n at 8. Moreover, declarations submitted by the Army confirm that Plaintiff did not appeal the Army's response to parts (2) and (3) of his November 2020 Request.

---

[4] Plaintiff's mistaken belief that the Army's February 2022 Response was a response his June 2020 Request may stem from the fact that Plaintiff's two FOIA requests are almost identical. *Compare* Nov. 2020 Req., ECF No. 2-6, at 2 *with* June 2020 Request, ECF No. 17, at 3. Specifically, parts (1) and (2) of Plaintiff's June 2020 Request are identical to parts (2) and (3) of Plaintiff's November 2020 Request. *See id.* Plaintiff's "conclusory assertion" that the Army's February 2022 Response was in response to his June 2020 Request is insufficient to create a genuine dispute of material fact. *See Ass'n of Flight Attendants-CWA v. U.S. Dep't of Transp.*, 564 F.3d 462, 465–66 (D.C. Cir. 2009).

*See* Decl. of Larry Kester, ECF No. 19-1, ¶ 5; Decl. of Mark Johnson, ECF No. 19-2, ¶ 3.  As such, the Court finds that Plaintiff did not appeal the Army's February 2022 Response.

### B.  Constructive Exhaustion of Remedies

In addition to actual exhaustion, FOIA permits requesters to constructively exhaust administrative remedies.  *Nat'l Sec. Counselors v. C.I.A.*, 913 F. Supp. 2d 77, 95 (D.D.C. 2013) (BAH) ("Under the FOIA, there are two ways for a requester to exhaust administrative remedies: actual exhaustion and constructive exhaustion.").  Specifically, FOIA permits requesters to treat an agency's failure to comply with its own time limits as constructive exhaustion of the requester's administrative remedies.  *See* 5 U.S.C. § 552(a)(6)(C); *Jud. Watch Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003).  As such, if an agency fails to notify a requester as to whether it will comply with the FOIA request within the twenty-day statutory period, the requester can seek judicial review even if he or she has not filed an administrative appeal.  *Jud. Watch Inc.*, 326 F.3d at 1310; *see also Oglesby*, 920 F.2d at 62 ("If the agency has not responded within the statutory time limits, then, under [FOIA], the requester may bring suit.").

However, a requester's right to judicial review based on constructive exhaustion ends if the agency responds at any time before the requester files suit, even if the response is after the statutory period.  *See Jud. Watch Inc.*, 326 F.3d at 1310 (concluding agency can cure its constructive waiver of the exhaustion requirement by providing the required notice to requester, even if tardy, before suit is filed); *see also Smith v. FBI*, 448 F. Supp. 2d 216, 220 (D.D.C. 2006) (ESH) ("[C]onstructive exhaustion ceases to offer a basis for judicial action once an agency actually responds.").

With respect to part (1) of Plaintiff's November 2020 Request, Plaintiff has constructively exhausted his administrative remedies.  The Army provided Plaintiff with a "No Records

8

Certificate" letter, dated September 9, 2022, approximately three weeks after Plaintiff filed the initial complaint.  *See* Sept. 2022 Resp., ECF No. 17, at 17.  Notably, the Army's September 2022 Response was solely in response to part (1) of Plaintiff's November 2020 Request, as it provided:

> This FOIA request was for any and all documents, briefing papers, graphics, emails, memoranda, charts, storyboards, notes, after action reviews or any document in any way relating to former U.S. Army Secretary Ryan McCarthy's November 2019 presentation(s) concerning First Lieutenant Clint A. Lorance to the President of the United and his staff at the White House.

*Id.*  This language is similar to the language in part (1) of Plaintiff's November 2020 Request.  *See* Nov. 2020 Req., ECF No. 2-6, at 1.  As such, Plaintiff did constructively exhaust his administrative remedies for part (1) of his November 2020 Request because the Army provided a response *after* Plaintiff commenced this lawsuit.  *See Jud. Watch Inc.*, 326 F.3d at 1310.

As for parts (2) and (3) of the November 2020 Request, however, Plaintiff did not constructively exhaust his administrative remedies.  As discussed above, the Army responded and provided responsive records in February 2022, approximately six months prior to the commencement of this lawsuit.  *See id.* (agency can cure its constructive waiver by providing the required notice to the requester before suit is filed).  And, Plaintiff's exhaustion of administrative remedies as to one aspect of his FOIA request (part (1)) does not cure his failure to exhaust administrative remedies as to the remaining aspects of his FOIA request (parts (2) and (3)).  *See Dettmann v. U.S. Dep't of Just.*, 802 F.2d 1472, 1477 (D.C. Cir. 1986) ("It is likewise clear that a plaintiff may have exhausted administrative remedies with respect to one aspect of a FOIA request—and thus properly seek judicial review regarding that request—and yet not have exhausted her remedies with respect to another aspect of a FOIA request.").

## IV.    CONCLUSION & ORDER

For the aforementioned reasons, the Court shall **GRANT** Defendant the Army's [13] Partial Motion to Dismiss and dismiss the claims arising from parts (2) and (3) of Plaintiff's FOIA request because Plaintiff did not exhaust his administrative remedies prior to filing this action.  *See Calhoun*, 693 F. Supp. 2d at 91, 93 (granting motion to dismiss and dismissing claims for failure to exhaust remedies after treating motion as a motion for summary judgment).  The Court notes that Plaintiff's FOIA claim arising from part (1) of his FOIA request against the Army remains, as well as his FOIA claim against Defendant DOD.

**SO ORDERED.**

**Date:** May 28, 2024                                      _____/s/_____
                                                            COLLEEN KOLLAR-KOTELLY
                                                            United States District Judge